Catherine Caouette (CA SBN 234714)
BSIS
PO Box 41127
San Jose, CA 95160
Telephone: (434) 825-4974
Email: katycaouette@gmail.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID JONATHAN MAX WALSH<br><br>Plaintiff(s),<br><br>vs.<br><br>MERRICK GARLAND, Attorney General of the United States, in his Official Capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; ALEJANDRO MAYORKAS, Secretary of United States Department of Homeland Security, in his Official Capacity; TRACY RENAUD in her Official Capacity, Senior Official Performing the Duties of the Director, United States Citizenship and Immigration Services;<br><br>Defendant(s). | Case Number: _____<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

COMPLAINT                    CASE NO.:

PAGE NO. 1 OF 8

## INTRODUCTION

1. Plaintiff seeks an Order compelling Defendants to complete adjudication of his pending I-765, Application for Employment Authorization and pending I-131, Application for Travel Document.

2. On February 19, 2021, Defendant United States Citizenship and Immigration Services (USCIS), as operating under the Department of Homeland Services (DHS), accepted and receipted Plaintiff's I-765 Application for Employment Authorization, which he had legitimately applied for as the lawful spouse of a United States Citizen having filed an Application to Adjust Status pursuant to 8 CFR 223.2 and indicated that it would timely adjudicate said application and, if successful provide Plaintiff a valid Employment Authorization Document, said document required for Plaintiff to seek gainful employment in the United States and provide for his family, including his United States Citizen spouse.

3. On February 19, 2021, Defendant United States Citizenship and Immigration Services (USCIS), as operating under the Department of Homeland Services (DHS), accepted and receipted Plaintiff's I-131 Application for Travel Document, which he had legitimately applied for as the lawful spouse of a United States Citizen having filed an Application to Adjust Status pursuant to 8 CFR 223.2 and indicated that it would timely adjudicate said application and provide Plaintiff a valid Travel Document, required for Plaintiff to leave the United States.

4. On April 19, 2021, Defendant USCIS was asked by Plaintiff to open a Service Request to capture Plaintiff's biometrics at the USCIS San Francisco Applicant Support Center, Ref: SR11092104236MSC

5. On June 11, 2021, Defendant USCIS was asked for the second time by Plaintiff to open a Service Request to capture Plaintiff's biometrics at the USCIS San Francisco Applicant Support Center, Ref: SR11622102984MSC

6. As of June 30, 2021, Defendant USCIS has failed to capture Plaintiff's biometrics at the USCIS San Francisco Applicant Support Center OR respond to the above mentioned service requests.

7. On June 11, 2021, Defendant USCIS was asked by Plaintiff to expedite his I-765 Application for Travel Authorization, said request rejected for the sole expressed reason that USCIS has failed to capture Plaintiff's biometrics.

8. Since that time, and since the expiration of Plaintiff's separate and pre-existing employment authorization, Defendants have not issued an Employment Authorization Document to Plaintiff, thereby not completing adjudication of the benefit to which he is entitled as a valid Applicant to Adjust Status pursuant to 8 CFR 274a.12(c)(9).

9. Since that time, and with Plaintiff's being unable to leave the United States, Defendants have not issued a Travel Document, thereby not completing adjudication of the benefit to which he is entitled as a valid Applicant to Adjust Status pursuant to 8 CFR 274a.12(c)(9).

10. Defendant's refusal to adjudicate Plaintiff's I-765 Application for Employment Authorization, despite his being entitled to said adjudication, is a violation of its mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act and has caused significant hardship to Plaintiff and his United States Citizen spouse.

11. Defendant's refusal to adjudicate Plaintiff's I-131 Application for Travel Document, despite his being entitled to said adjudication, is a violation of its mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act and has caused significant hardship to Plaintiff and his United States Citizen spouse.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1346(b) (federal defendant), 5 U.S.C. §704 (Administrative Procedure Act), and 28 U.S.C.

COMPLAINT                    CASE NO.:

PAGE NO. 3 OF 8

1 §1361 (mandamus).

2 13. Venue is properly with this Court pursuant to 28 U.S.C. §1391€ because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity and because Plaintiff resides in San Francisco, San Francisco County, California, which is located within the Northern District of California; and because there is no real property involved in this action.

## PARTIES

14. Plaintiff is a citizen of the United Kingdom who presently lives and resides in San Francisco County, California.

15. Defendant United States Citizenship and Immigration Services (USCIS), an agency with the United States Department of Homeland Security, is the agency responsible for adjudication of the I-765 Application for Employment Authorization and the I-131 Application for Travel Document and issuance of all documentation evidencing said adjudication.

16. Defendant Merrick Garland is sued in his official capacity as Attorney General of the United States. In this capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103.

## FACTUAL HISTORY AND LEGAL BACKGROUND

17. Pursuant to 8 CFR 274a.12, spouses of United States Citizens who have previously or concurrently filed form I-485 Application to Adjust Status, are also eligible to file form I-765 Application for Employment Authorization, resulting in issuance of a formal Employment Authorization Document, providing Plaintiff and other applicants employment eligibility in the United States that they would not otherwise be able to attain. Plaintiff filed both form I-485 and form I-765, including a $1140 filing fee, which USCIS has consistently indicated is used to efficiently process said applications, on February 19, 2021 and USCIS provided proof of receipt to Plaintiff and his United States Citizen spouse.

18. Pursuant to 8 CFR 274a.12, spouses of United States Citizens who have previously or concurrently filed form I-485 Application to Adjust Status, are also eligible to file form I-

COMPLAINT                    CASE NO.:

PAGE NO. 4 OF 8

131 Application for Travel Document, resulting in issuance of formal Advance Parole, providing

Plaintiff and other applicants eligibility to depart the United States while maintaining a valid status permitting them to adjust said status in the United States. Plaintiff filed both form I-485 and form I-131, including a $1140 filing fee, which USCIS has consistently indicated is used to efficiently process said applications, on February 19, 2021 and USCIS provided proof of receipt to Plaintiff and his United States Citizen spouse.

19. USCIS has jurisdiction to adjudicate form I-765, Application for Employment Authorization and issue the Employment Authorization Document to any eligible non-citizen under 8 C.F.R. § 274a.12.

20. USCIS has jurisdiction to adjudicate form I-131, Application for Travel Document Authorization and issue the resultant formal proof to any eligible non-citizen under 8 C.F.R. § 223.2.

21. In order to satisfy the requirements of the Form I-9, Employment Eligibility Verification, a non-citizen applicant to adjust status must provide a valid Employment Authorization Document.

22. In order to enter the United States while an Application to Adjust Status is pending, a non-citizen must provide a valid advance parole document.

23. By virtue of not timely adjudicating the I-765 Application for Employment Authorization, Plaintiff David Jonathan Max Walsh is left unable to lawfully work in the United States, causing his family undue hardship in the midst of a global pandemic.

24. By virtue of not timely adjudicating the I-131 Application for Travel Document, Plaintiff David Jonathan Max Walsh is left unable to leave the United States even to find temporary work, causing his family undue hardship in the midst of a global pandemic.

COMPLAINT                              CASE NO.:

PAGE NO. 5 OF 8

## CAUSES OF ACTION

### COUNT ONE:

### MANDAMUS

25. Plaintiff incorporates the allegations and factual assertions in the paragraphs above as though fully set forth here.

26. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff. See 8 U.S.C. § 1361.

27. Defendants have a nondiscretionary duty, not least as the result of Plaintiff having paid for the benefit, to adjudicate Plaintiff's I-765 Application for Employment Authorization and issue the Employment Authorization Document.

28. Defendants have a nondiscretionary duty, not least as the result of Plaintiff having paid for the benefit, to timely adjudicate Plaintiff's I-131 Application for Travel Document and issue formal proof of Plaintiff's advance parole.

29. Plaintiff has no other adequate remedy available to him to compel Defendants to timely adjudicate of his I-765 Application for Employment Authorization or his I-131 Application for Travel Document.

### COUNT TWO:

### ADMINISTRATIVE PROCEDURE ACT

30. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

31. Pursuant to 5 U.S.C. §706(2)(A), a reviewing court shall "hold unlawful and set aside agency action . . . found to be arbitrary, capricious, an abuse of discretion or not otherwise in accordance with the law."

32. By failing to give effect to the provisions of the Immigration and Nationality Act and perform the affirmative duty to adjudicate the I-765 Application for Employment Authorization filed and paid for by Plaintiff, Defendants' decision violates the Administrative Procedures Act and constitutes agency action that is arbitrary, capricious, and contrary to law.

33. By failing to give effect to the provisions of the Immigration and Nationality Act and perform the affirmative duty to adjudicate the I-131 Application for Travel Document filed and

paid for by Plaintiff, Defendants' decision violates the Administrative Procedures Act and constitutes agency action that is arbitrary, capricious, and contrary to law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Defendants to complete adjudication of Plaintiff's I-765 Application for Employment Authorization;

(3) Order Defendants to complete adjudication of Plaintiff's I-131 Application for Travel Document; and,

(4) Grant such further relief as the Court deems just and proper.

Dated: June 30, 2021

Respectfully submitted,

By: /s/ Catherine Caouette

Catherine Caouette (CA SBN 234714)

BSIS

PO Box 41127

San Jose, CA 95160

(434) 825-4974

Email: katycaouette@gmail.com

COMPLAINT         CASE NO.:

PAGE NO. 7 OF 8